# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

HELIX PADILLA, an individual, RICARDO TURINCIO, an individual, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

FEDERAL EXPRESS CORPORATION, a Delaware corporation, formerly known as FEDEX GROUND PACKAGE SYSTEM, a Delaware corporation; and DOES 1–500, inclusive,

Defendants.

**CASE NO.: 2:26-cv-08175-SB-RAO**

**STIPULATED PROTECTIVE ORDER**

**Hon. Stanley Blumenfeld, Jr.**
**Magistrate Judge: Hon. Rozella A. Oliver**

**Complaint served: July 24, 2026**

Plaintiffs Helix Padilla and Ricardo Turincio ("Plaintiffs") and Defendant Federal Express Corporation ("FedEx"), by and through their respective counsel of record, hereby stipulate to and request entry of the following Protective Order. Good cause appearing, the Court hereby orders as follows:

1. There is good cause to issue this Order under Federal Rule of Civil Procedure 26(c). This case will require production of documents routinely held and treated as confidential by Federal Express Corporation ("FedEx") and third-party independent businesses that contract with FedEx, known as Service Providers. Such documents include, but are not limited to, business and tax records, vehicle files,

contracts and addenda, activities records, and other financial, commercial, and/or competitively sensitive information that is not publicly available.

2. Any information or document disclosed or produced by any party to this action or by any non-party in response to a subpoena or request issued in this action, may be designated by the producing party or non-party as "Confidential" or "Confidential – For Attorneys' Eyes Only" pursuant to the provisions below.

3. Any party may designate documents as "Confidential" upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure, such as confidential personal information, medical or psychiatric information, personnel records, trade secrets, proprietary information, or other sensitive or confidential business, technical, sales, marketing, financial, commercial, or competitively sensitive information that is not publicly available. "Confidential – For Attorney's Eyes Only" shall be reserved for the following information, if such information requires heightened protection to prevent a high likelihood of competitive injury or other recognizable harm, which cannot be prevented through less restrictive means: any information related to the confidential business information of Service Providers or FedEx, including, but not limited to, (1) payroll and pay rate information that Service Providers do not wish to be shared with other Service Providers and the employees of any Service Provider because the public disclosure of this information might place the Service Providers at a competitive disadvantage; (2) contracts, schedules, addenda, settlements, and payments between FedEx and any Service Provider because the public disclosure of this information might place FedEx or Service Providers at a competitive disadvantage; and (3) information relating to route optimization programs used by FedEx and Service Providers, including, but not limited to, vehicles, capacity, operating costs, vehicle load plans, route types, and contracted service areas because the public disclosure of this information might place FedEx or Service Providers at a competitive disadvantage.

4. Parties and attorneys designating documents as "Confidential" or "Confidential – For Attorney's Eyes Only" will be representing that such documents contain information the disclosure of which would implicate an important interest to be protected which outweighs the presumption of public access, and that they will be able to identify to the Court a clearly defined and serious injury that would result if access is not restricted. Documents designated as "Confidential" or "Confidential – For Attorney's Eyes Only" shall be first reviewed by a lawyer to decide that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1)(G) and/or applicable case law.

5. To be subject to the protections provided for herein, information must be designated as follows:

a. With respect to documents produced by a party, the producing party may designate any such document as confidential by stamping the word "Confidential" prominently on each page of the document before production or disclosure;

b. With respect to documents produced by a party, the producing party may designate any such documents as being available for review and inspection by the individuals identified in Paragraph 11, below, by stamping the words "Confidential – For Attorneys' Eyes Only" prominently on each page of the document before production or disclosure;

c. With respect to documents produced by a non-party, any party may designate any such document as confidential by stamping the word "Confidential" prominently on each page of the documents within 10 days of the document's production and by notifying all other counsel of each document so designated. During the 10-day period immediately following production, all parties and all counsel, employees of counsel, and experts engaged or retained for purposes of this

action shall not reproduce or disclose to any other person any information contained in any document produced by the non-party;

d. With respect to documents produced by a non-party, any party may designate any such document as being available for review and inspection by the individuals identified in Paragraph 11, below, by stamping the words "Confidential – For Attorneys' Eyes Only" prominently on each page of the documents within 10 days of its production and by notifying all other counsel of each document so designated. During the 10-day period immediately following production, all parties and all counsel, employees of counsel, and experts engaged or retained for purposes of this action shall not reproduce or disclose to any other person any information contained in any document produced by the non-party;

e. Deposition or other testimony may be designated "Confidential" or "Confidential – For Attorneys' Eyes Only" by stating orally on the record either immediately before or after testimony that the information should be considered and treated as "Confidential" or "Confidential – For Attorneys' Eyes Only," as the case may be.

6. Inadvertent failure to timely designate documents or testimony as confidential shall not operate as a waiver of a party's right later to designate such information as confidential, but no party shall be held in breach or contempt of this Protective Order if, before such later designation, such information has been disclosed to any person not authorized to receive confidential information under this Protective Order. Once such a belated designation has been made, however, the relevant information shall otherwise be treated as confidential in accordance with this Protective Order.

7. The production of privileged or work-product protected documents, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case

or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

8. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and segregation of privileged and protected information before production.

9. Any person responsible for making copies of confidential information must ensure that the copies adequately reflect the designation of confidentiality and are treated as such.

10. Information and documents designated as "Confidential", including any copies, notes, or summaries thereof, shall be maintained in confidence by the persons to whom such materials are produced or disclosed and shall not be disclosed to any person except:

a. the Court;

b. court reporters who transcribe or record depositions or other testimony in this case;

c. counsel for the parties and the legal associates, paralegals, clerical, and other support staff employed by such counsel and who are actually involved in assisting in this case;

d. the parties and those partners and employees of the parties who are assisting in this case;

e. experts or consultants retained by the parties or their counsel to assist in preparing this case for trial; and

f. deposition and trial witnesses.

11. Information and documents designated as "Confidential – Attorneys' Eyes Only", including any copies, notes, or summaries thereof, shall not be produced or disclosed to the parties, as defined in Paragraph 10(d) above, but otherwise may be provided to the individuals identified in Paragraph 10(a)-(c), (e) and (f). "Party"

as used herein includes any agent, representative, or employee of the parties other than the party's counsel, experts and consultants. "Counsel" as used herein includes any paralegals, legal associates, clerical, and other support staff employed by such counsel and who are actually involved in assisting in this case. Such information also may be produced or disclosed to the Court, court reporters and expert witnesses and consultants.

12. All persons authorized by this Protective Order to receive information designated as confidential shall maintain such information in accordance with this Order and shall use such information solely for the purpose of preparing for and conducting this litigation. No information designated as confidential shall be used for any other purpose.

13. All persons authorized to receive confidential information under this Order (other than the Court, counsel, jurors, and court reporters) shall be shown a copy of this Order. Counsel for the respective parties shall ensure that all such individuals agree to comply with this Order.

14. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

15. The parties acknowledge that this Protective Order does not entitle them to file confidential information under seal. A party that seeks to file under seal any document or information designated as "Confidential" or "Confidential – For

Attorneys' Eyes Only" must comply with Local Rule 79-5, which sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. Such material may be filed under seal only pursuant to a court order authorizing the sealing of the specific material at issue, and the applicable showing of good cause or compelling reasons must be made in the application to file under seal. Where the party seeking to file material under seal is not the party that designated it, the parties shall follow the notice and declaration procedures of Local Rule 79-5.2.2(b), including the designating party's obligation to file a declaration establishing that the designated material is sealable within the time provided by that rule. If an application to file material under seal is denied, the filing party may file the material in the public record in accordance with Local Rule 79-5.2.2(c), unless otherwise ordered by the Court. Nothing in this Protective Order may be construed as restricting any information or document from the public record.

16. Consistent with Section 4(b) of the Standing Order for Civil Cases Assigned to Judge Stanley Blumenfeld, Jr. (Dkt. 11), nothing in this Protective Order authorizes, without further order of Judge Blumenfeld, the filing under seal of pleadings or documents filed in connection with a dispositive motion, a class certification motion, or trial, and the existence of this Protective Order does not alone justify the filing of any pleading or other document under seal, in whole or in part.

17. Nothing in this Protective Order shall prevent any party from disclosing its own information and documents to any person, and such disclosure shall not be deemed a waiver of any party's rights or obligations under this Protective Order.

18. Nothing in this Protective Order shall be construed to restrict any party's use of information, in the party's possession or known by the party, before disclosure by any other party or non-party, or of information that is public knowledge, has not previously been maintained as confidential, or is independently

developed or acquired outside of the production and exchange of documents and information subject to this Protective Order.

19. The entry of this Protective Order shall not in any way detract from or constitute a waiver of the right of any individual or entity to object to the production of discovery materials or the admissibility of any document on grounds other than confidentiality.

20. Upon termination of this lawsuit, and after exhaustion of all appeals, whether by judgment, order, or settlement, the parties, on written request of the designating party, shall return all materials and information designated as confidential, together with any reproductions thereof, to the party or parties that produced such material or information. In the alternative, the receiving party may destroy all such materials and information, together with any reproductions thereof, and execute a certification stating that the materials and information, together with any reproductions thereof, have been destroyed. Notwithstanding the foregoing, counsel for each party may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, expert reports, and attorney work product, even if such materials contain confidential information; any such archival copies remain subject to this Protective Order.

21. A party may object to the designation of particular "Confidential" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the reasons why the party believes the information is not "Confidential." If the parties cannot resolve the objection, within 14 days after the time the parties conclude the meet and confer process, the party designating the information as "Confidential" or "Confidential – Attorney's Eyes Only" must file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" or "Confidential – Attorney's

Eyes Only" under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as "Confidential" or "Confidential – Attorney's Eyes Only" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential" or "Confidential – Attorney's Eyes Only."

22. The parties, their witnesses, and their counsel shall continue to comply with this Protective Order's provisions after the conclusion of this action. The parties may seek leave to reopen the case to enforce the Protective Order's provisions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 09/25/2026

Rozella A. Oliver

HON. ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE